UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ROBERT KINCAID,** | : | Civil Action No. 23-21554 (WJM) |
| **Plaintiff,** | : | |
| v. | : | **REPORT & RECOMMENDATION** |
| **EXPERIAN INFORMATION SOLUTIONS, INC., et al.,** | : | |
| **Defendants.** | : | |

### CLARK, Magistrate Judge

This matter has been opened by the Court *sua sponte* based on the failure of *pro se* Plaintiff Robert Kincaid ("Plaintiff") to comply with Court orders and prosecute his case. For the reasons that follow, it is respectfully recommended that Plaintiff's claims be dismissed with prejudice.

### BACKGROUND

Plaintiff filed his Complaint in this matter on October 27, 2023. *See* Dkt. No. 1. Plaintiff's Complaint asserts claims against Defendants Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("TransUnion") (collectively "Defendants") pursuant to the Fair Credit Reporting Act. Plaintiff alleges that in or around November 2022, he noticed unauthorized accounts on his credit report, leading him to conclude that he had been the victim of identify theft. According to Plaintiff, he reported the unauthorized accounts and balances to law enforcement, as well as to Experian and TransUnion, and filed a report with the Federal Trade Commission. Defendants, however, Plaintiff claims, did not remove the unauthorized accounts from his credit report, causing Plaintiff's credit score to decline.

Plaintiff's counsel, Eliyahu Babad, Esq. of Stein Saks, PLLC, filed a motion to withdraw as counsel for Plaintiff on June 7, 2024. *See* Dkt. No. 17. In his motion, Mr. Babad claimed that

1

his representation of Plaintiff in this matter was "no longer viable" because Plaintiff "refuses to communicate with counsel regarding this suit, refuses to comply with the terms of the attorney-client relationship, refuses to follow counsel's advice, and counsel and Plaintiff appear to have a fundamental disagreement on how to proceed with this case." Dkt. No. 17-1 at ¶ 2. On July 3, 2024, the Court entered an Order scheduling a telephonic hearing regarding Mr. Babad's motion to withdraw for July 29, 2024, and requiring Mr. Babad to serve Plaintiff with a copy of the Court's Order and file proof of such service with the Court. *See* Dkt. No. 19. Mr. Babad filed the required proof of service [*see* Dkt. No. 21] but did not provide Plaintiff with the necessary information to participate in the telephonic hearing. Accordingly, the telephonic hearing was adjourned to August 8, 2024. *See* Dkt. No. 22.

Despite receiving notice of the August 8, 2024 hearing [*see* Dkt. No. 23], Plaintiff did not appear. Accordingly, the Court entered an Order granting Mr. Babad's motion to withdraw [*see* Dkt. No. 25] and issued an Order to Show Cause, dated August 14, 2024, requiring Plaintiff to appear before the Court on October 1, 2024 for a hearing and to submit a written statement to the Court by September 9, 2024 [*see* Dkt. No. 24]. The Order to Show Cause also required Plaintiff's former counsel to serve a copy of the Order to Show Cause on Plaintiff and to file proof of such service with the Court [*see* Dkt. No. 24], which Mr. Babad did on August 15, 2024 [*see* Dkt. No. 26]. Plaintiff did not submit the required written submission or appear for the Order to Show Cause hearing on October 1, 2024, and the Court has not received any communication from Plaintiff.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED. R. CIV. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong

policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that Plaintiff, appearing *pro se* in this action since the withdrawal of Mr. Babad, is solely responsible for his failure to comply with Court orders and prosecute his case. By failing to appear for either of the scheduled hearings at which his attendance was required or communicate with the Court in any manner, Plaintiff made it impossible to meaningfully participate in this litigation. Moreover, the Clerk of the Court and Mr. Babad mailed this Court's Orders to Plaintiff at the address provided by Mr. Babad, yet Plaintiff failed to appear for any of the scheduled hearings and failed to submit his written statement. By failing to communicate with the Court and failing to appear before this Court, Plaintiff has effectively abandoned his case.

**2. Prejudice to Defendants.** Permitting Plaintiff's claims to go forward when he has demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendants. Plaintiff initiated this action through his counsel, and since the withdrawal of Mr. Babad, Plaintiff has failed to respond or appear pursuant to any Court orders. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. He failed to respond to correspondence from the Court, failed to appear for the scheduled hearing on Mr. Babad's motion to withdraw, failed to submit a position paper pursuant the Order to Show Cause, and failed to appear for the Order to Show Cause hearing on October 1, 2024. Accordingly, Plaintiff's inaction in this matter supports dismissal of his claims.

**4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to communications from his former counsel and the Court and has failed to attend scheduled hearings before this Court. These circumstances, when taken as a whole, support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** Plaintiff's record of unresponsiveness suggests that alternative sanctions would be futile. Despite being given multiple opportunities to do so over several months, Plaintiff has not appeared before this Court or otherwise participated in prosecuting his case. No other sanctions would be effective if Plaintiff does not heed them. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness

of Plaintiff's claims at this juncture.

In sum, Plaintiff did not appear for the hearing regarding Mr. Babad's motion to withdraw, did not submit the required written submission in connection with the Order to Show Cause and did not appear for the Order to Show Cause hearing. Plaintiff has also failed to respond to any correspondence from the Court and has not participated in this matter in any manner since the withdrawal of Mr. Babad. As such, Plaintiff's complete failure to participate in this litigation and willful abandonment of his claims establish his inability to adequately prosecute this matter.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **21st day of November, 2024**,

**RECOMMENDED** that Plaintiff's claims be DISMISSED WITH PREJUDICE pursuant to FED. R. CIV. P. 41(b); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail on Plaintiff; and it is further

**ORDERED** that the parties may file an objection within 14 days of the date of this Order pursuant to FED. R. CIV. P. 72(b)(2).

        s/James B. Clark, III
        **HONORABLE JAMES B. CLARK, III**
        **UNITED STATES MAGISTRATE JUDGE**